FILED 07 DEC '12 13:18 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case. No. 6:12-cr-00371 |
| v. | ) | ORDER |
| ANGEL ALBERTO GARCIA, | ) | |
| Defendant. | ) | |

Background

On January 7, 2012 at approximately 11:32 p.m., Cottage Grove K-9 Police Officer Bates initiated a traffic stop. [#47-p.2; #52-p.2]. Officer Bates stopped the 2000 Cadillac El-Dorado passenger car with Washington license plates AFN 9968, because of a broken taillight and because his radar reading indicated that the car was traveling at 74 mph, where the speed limit was 65 mph. *Id.* Angel Garcia (defendant), was the driver and sole

ORDER - page 1

occupant of the car. [#47-p.2]. Defendant agrees for the purpose of this motion that Officer Bates had reasonable cause for the traffic stop. *Id.*

When Officer Bates informed defendant that he had been stopped because of his speed and broken taillight, defendant asked if he could exit his car to see the taillight. [#47-p.3; #52-p.2]. Officer Bates agreed, defendant inspected the taillight and then Officer Bates asked him to re-enter his car. *Id.* As defendant re-entered his car, his cell phone in the center console rang and defendant reached over and cancelled the call. *Id.* At this time, Officer Bates noted another cell phone in the driver's side door pocket and air fresheners hanging from the steering column. *Id.*

Officer Bates asked defendant to produce his driver's license, proof of insurance and vehicle registration, all of which proved to be valid. *Id.* While awaiting confirmation from the dispatcher on the documents, defendant agreed to answer Officer Bates' questions. *Id.* Defendant told Officer Bates he was traveling to Los Angeles to see his aunt because his construction work was slow. [#47-pp.3-4; #52-pp.2-3].

The dispatcher asked for a social security number because of the number of "hits on Garcia," so, Officer Bates asked to see defendant's social security card. [#47-p.4; #52-p.3]. Defendant responded that he did not have one. *Id.* However, when Officer

Bates pointed out the card that he had seen fall from defendant's wallet, defendant handed him the social security card and Officer Bates gave the last four numbers to the dispatcher. *Id.*

Based on his training and observations of defendant's demeanor, Officer Bates believed defendant may be involved in some type of criminal activity and so, asked defendant to exit his car and walk back to the patrol vehicle. *Id.* Defendant complied and consented when Officer Bates asked to search his car. [#47-p.4; #52-pp.3-4] Officer Bates asked defendant to wait by his patrol car with Oregon State Trooper Bachmeyer while Officer Bates and Bo, his drug K-9, conducted the search. [#47-p.4; #52-p.4].

Bo alerted on the trunk of the car where, when Officer Bates searched the trunk, he found a hidden compartment containing a black garbage bag with two hard bundles tightly wrapped in brown packaging tape. *Id.* The bundles were taken to the Cottage Grove Police Department where they were field tested and determined to be heroin. [#52-p.4]. The bundles' gross weight was 1,623.5 grams. *Id.*

Defendant moves to suppress the results of the search arguing that Officer Bates "used racially discriminatory criteria in violation of the Fifth Amendment." [#47-p.2]. Defendant argues that Officer Bates would not have asked to search if defendant had been a Caucasian driver in the same circumstances.

[#47-pp.5-6].

Also before the court is plaintiff's motion contained in the government's response, for the court's reconsideration of the order allowing the requested discovery. [#59]. Plaintiff argues that defendant is not entitled to the discovery ordered because defendant has not made a sufficient showing of selective enforcement to warrant its production. [#52-p.5].

Discussion

Defendant moves to suppress the results of his car's search, arguing that the officer's request to search was race based and therefore violated his Equal Protection rights. [#47] Defendant does not argue that he was subject to the traffic stop on account of his race or ethnicity. Defendant neither disputes the legitimacy of the traffic stop nor alleges that the traffic stop was unnecessarily prolonged. *Id.* Rather, defendant, who is Hispanic, appears to rely on his ethnicity and the anticipated requested discovery regarding Officer Bates' training and past practices with regard to vehicle searches, to support his motion.

An officer may stop a person and make an inquiry based on reasonable suspicion to believe that the person has engaged in illegal activity. ORS 131.615. Oregon courts have held that the level of suspicion necessary to expand an investigation during the course of a traffic stop is similarly a reasonable suspicion that a defendant has committed illegal acts. *State v.*

ORDER - page 4

*Aguilar* 139 Or.App. 175, 181 (1996).

Reasonable suspicion is defined as "a belief that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts." ORS 131.615. This standard requires the officer "to point to specific and articulable facts that give rise to a reasonable inference that a person has committed a crime." *State v. Ehly*, 317 Or. 66, 80 (1993); see also *U.S. v. Choudhry,* 461 F.3d 1097, 1105 (9th Cir. 2006)(Officers have reasonable suspicion when specific, articulable facts together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity).

To state a claim for violation of the Equal Protection Clause, a defendant must show that he was treated in a manner inconsistent with others similarly situated, and that the officer acted with an intent or purpose to discriminate against him based upon membership in a protected class. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir.2005).

In this instance Officer Bates' report details his reasons for requesting defendant's consent to search. For example, Officer Bates noted that: (1) defendant had multiple cell phones inside his car; (2) defendant did not answer his ringing phone; (3) initially seemed overly friendly but became nervous when questioned; and (4) defendant denied having a social security

ORDER - page 5

card until Officer Bates told him he saw the card on the floor of the car. [#52-p.7]. Once defendant's consent to search was given, the canine officer alerted to the trunk of defendant's car.

Defendant's contention that similarly situated non-Hispanic drivers were treated differently is without support in the record. Defendant's Motion to Suppress is therefore denied.

Upon reconsideration of the court's ruling regarding the requested discovery, plaintiff's motion to set aside the court's previous ruling allowing the requested discovery of Officer Bates' past year's traffic stops and searches along with his experience in interdiction training, is denied.

## Conclusion

For the foregoing reasons, defendant's motion to suppress [#47], is DENIED. Plaintiff's Motion for Reconsideration [#52], is DENIED

IT IS SO ORDERED.

DATED this 5TH day of December, 2012.

_____
United States District Judge